In the Matter of JOSEPH LO PRESTI, by His Attorney in Fact, THOMAS LO PRESTI, Petitioner, against JOSEPH D. MCGOLDRICK, as State Rent Administrator, et al., Respondents.

Supreme Court, Special Term, Erie County, November 23, 1953.

*Carmelo A. Parlato* for petitioner.

*Robert H. Schaffer* and *Beatrice Shainswit* for Joseph D. McGoldrick, as State Rent Administrator, respondent.

*Edward H. Wolkind* for Alfred Leach, respondent.

R. O'BRIEN, J. This is a proceeding under article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the State Rent Commission, setting a maximum rent for alleged housing accommodations owned by petitioner.

Respondent, Alfred Leach, is the tenant. It appears that the petitioner-landlord, on or about December, 1947, converted a portion of his shoe repair shop at 180 William Street, Buffalo, New York, into an alleged apartment by erecting partitions, which divided the ground floor of the premises where said shoe repair shop was located, into a front and rear area.

The front area still continued to be used as a shop. The rear area was further divided by a partition into two rooms. The work was completed on or about February 1, 1948, at which time the two rooms, so created, were rented as living quarters to the respondent, Alfred Leach. The quarters consist of a kitchen and a bedroom. There is no refrigerator or stove in the kitchen; there is no heat or hot water; and there is no private bathroom. The tenant is obliged to share with the landlord the use of a sink and toilet located in the hall. The creation of these facilities merely involved the erection of the wallboard partitions, as the electric wiring and plumbing were installed in the premises previously, as facilities for the store.

The State Rent Commission held that under these circumstances, there was no conversion from nonhousing to housing use within the meaning of the State Residential Rent Law and the regulations of the State Rent Commission, which exempt

from control " housing accommodations created by a change from a nonhousing to a housing use on or after February first, nineteen hundred forty-seven ".

In this case, the commission held the facilities created by the petitioner to be " an undesirable slum dwelling, temporary in nature, and shoddy in construction, not constituting a self-contained unit or a decent housing accommodation."

It further appears that the commission then set a maximum rental of $6 per week for the facilities, effective as of the date the tenant took occupancy.

The petitioner contends that the " apartment " is decontrolled and not subject to the jurisdiction of the commission, and, if not decontrolled, the effective date of the fixed rental should be the date of the order and not the date the tenant took possession.

According to the papers, the landlord expended approximately $650 to create the " apartment " and he rented it at $12.50 per week to the respondent tenant from June, 1952.

In April, 1953, the tenant respondent filed a " statement of violation " with the Buffalo local rent office, which was subsequently adjudicated as above set forth.

The intent and purpose of the decontrol regulation was to create an incentive to venture capital to construct decent, low rental and livable housing facilities, to help relieve the recognized shortage of such accommodations. A reading of the decontrol provision of the State Residential Rent Law (L. 1946, ch. 274, § 2, subd. 2, par. [g], as amd. by L. 1950, ch. 250, as amd.) shows that it was devised to eliminate substandard dwelling conditions which had resulted from the housing emergency.

The alleged conversion, in our case, falls far short of the facilities favored and intended to be encouraged by the decontrol provisions of the act.

In considering this matter, my attention has been called to the conflicting decisions of the First and Second Departments of the Appellate Division on a somewhat similar state of facts.

In *Matter of Paikoff* v. *McGoldrick* (280 App. Div. 996), the court held that where a landlord remodelled apartments in an old law tenement which had been condemned and vacant for almost ten years, such " apartments " were not decontrolled.

In *Matter of Kruckel* v. *McGoldrick* (281 App. Div. 811), the court held that where a landlord converted a cellar, which had been previously unoccupied, into a substandard apartment, it was not subject to control.

It is my opinion that the facts and reasoning in the *Paikoff* case are more like those in our case, and in view of all the circumstances it is my finding and decision that the action of the commission was in accordance with the law and was neither arbitrary nor capricious.

Under the law and the rent regulations, the effective date of the rental, as finally fixed by the commission for a housing accommodation which was not previously registered, is " May 1, 1950 or the date of the first renting, whichever is later ".

In this case it was fixed as being effective June 1, 1952. While this decision may have the effect of making it necessary for the petitioner to refund or allow the tenant the overcharge for one year (the statutory time limitation fixed by the Rent Act), it should be remembered that from February, 1948, to June, 1952, the weekly income from the investment of $650 was $12.50 or a total of approximately $2,600.

In view of the circumstances, the application of the petitioner is denied and the petition dismissed.

Submit order accordingly.