In the Matter of 602–4 EAST 138TH ST. CORP., Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.

First Department, May 25, 1954.

*Beatrice Shainswit* of counsel (*Robert H. Schaffer,* attorney), for appellant.

*Louis Goldin* for respondent.

BREITEL, J. In December, 1951, the landlord purchased an eight-room brownstone three-story house that had been used as a private home and office by its physician owner for many years. The new owner converted it into an eight-apartment dwelling, for as many families, by erecting partitions, installing some light sanitary facilities, and making other minor alterations to adapt it to its new multiple family use. The question is whether the building had become exempt from control or was only subject to decontrol (see *Matter of Fiesta Realty Corp. v. McGoldrick,* 284 App. Div. 551); and if subject to decontrol, whether an order of decontrol should have issued from the State housing rent administrator.

It is claimed that the building became exempt from control because there was a conversion from a nonhousing to a housing use (State Residential Rent Law, L. 1946, ch. 274, § 2, subd. 2, par. [g], cl. [1]). This claim turns on the proof that the prior physician owner used the parlor floor " exclusively " for professional purposes.

It is also claimed that the building was entitled to an order of decontrol, in any event, because additional housing accommodations had been created (§ 2, subd. 2, par. [g], cl. [2]). This claim turns on whether the State Rent Administrator was entitled to reject the alterations in the building as insufficient to meet the requirements of the statute that " there has been a structural change involving substantial alterations or remodeling ".

While the proceeding relates technically only to four of the apartments, the issues involve all of the building and its eight apartments. Two of the apartments in this proceeding were on the floor of the building that had been used for professional purposes.

Special Term annulled the determination of the State Housing Rent Commission fixing maximum rents for four apartments in the converted premises, holding that the entire building was exempt from control. It is our view that the order was erroneous. There was sufficient evidence before the State agency for determination that the conversion of the building and the floor used for professional purposes did not constitute a change from a nonhousing to a housing use in the terms of the statute. Hence, the premises had not become exempt from control.

This brownstone building, consisting of three floors and a basement, had been used for many years by its then owner, a physician, as a one-family dwelling. The physician practiced his profession from the parlor floor. He made affidavit in the administrative proceeding that the parlor floor had never been used for any purpose other than professional use. The commission found, as stated in its brief, and there was evidence to support its finding, that the owner " without making substantial structural changes of any sort, without adding any bathrooms, filing any plans with the Department of Housing and Buildings, or obtaining a certificate of occupancy — promptly converted the building into an eight-family rooming house ". It was rented to foreign language-speaking families, each occupying what was originally one room, at rents of over $110 per month.

There is no question but that the landlord erected a number of partitions, installed some additional sanitary facilities, and otherwise adapted the premises for their new use as a habitation for eight families in what had been an eight-room house. But there was no structural alteration, general renovation, or reconstruction. The result was hardly suitable, according to accepted standards, for decent human habitation by a number of families.

The principal question in the case is whether the fact that the parlor floor had been used for a professional use entitled either the whole building or that particular floor to be exempt from control because of a claimed change from a nonhousing use to a housing use within the terms of the statute. It seems obvious that a combination of uses in a single building, particularly a one-family house, will usually involve a question of fact whether the nondwelling use is separable from the remainder of the building which concededly had been devoted to dwelling purposes. Assuming that the State agency was bound by the former owner's affidavit, and we do not think it was so bound, the agency was nevertheless free to find that by reason of physical relationship, the physical proportion to the remainder of the building, the type of separate access, if any, to the parlor floor, and the kind of structure, the parlor floor was not separable from the balance of the building. Moreover, it was not essential or obligatory that the State agency find on the evidence that the parlor floor was so devoted to a professional use that it was a nonhousing use in the terms of the statute.

In this context the facts are quite distinguishable from our holding in *Matter of Kruckel* v. *McGoldrick* (281 App. Div. 811). See, contra, *Matter of Lo Presti* v. *McGoldrick* (204 Misc. 956 [Special Term, Erie Co.]), which held newly rented space subject to control, although theretofore devoted to a nonhousing use. In the *Kruckel* case, while only a small portion of the premises had not been devoted to a housing use, so that physical proportion was not a decisive element, it was clear that the newly rented space (formerly a furnace room) was separable and had not been devoted theretofore to a housing use. In the instant case it is difficult to conceive how one floor in a dwelling house for one family, occupied by it for many years under the same ownership, could be so clearly and exclusively marked for a nonhousing use. At least the State agency was not obligated to so find.

We shall now consider whether the premises were entitled to an order of decontrol. Thus, assuming that no element of nonhousing use is involved, the issue is whether the State agency was arbitrary in making the finding that the provisions of section 2 (subd. 2, par. [g], cl. [2]) of the emergency statute had not been met.

Where there is the creation of additional housing accommodations the statute is clear that an order of decontrol may not issue unless there is a finding that " there has been a structural change

involving substantial alterations or remodeling; and such change has resulted in additional housing accommodations consisting of self-contained family units as defined by regulations issued by the commission ''.

There is no great problem on the facts in this case. It was well within the province of the State agency to find that the alterations were of an insubstantial character and inadequate to provide decent human habitation. In any event, the State agency was entitled to find that the accommodations did not consist of self-contained family units. The salutary benefits of the incentive of decontrol offered to landlords who provide additional housing accommodations are not to be extended in such cases. The landlord virtually concedes as much, since it seeks refuge in the plaint that the rent maximums were imposed too soon and before it had an opportunity to complete alterations it had planned. The fact is that with only improvised and shoddy changes it promptly sought to exploit the premises by renting them out to tenants who were particularly susceptible because of the pressure on them in finding housing accommodations in the city.

Accordingly, we hold that the State Housing Rent Commission was not arbitrary in making its finding that the entire building was subject to control, and that it had power to fix the maximum rents for apartments in it, including the four apartments involved in this proceeding. The order of Special Term annulling the determination of the State Housing Rent Commission should be reversed, and the determination of the State agency fixing maximum rents should be reinstated.

PECK, P. J., DORE, CALLAHAN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the determination of the State Rent Administrator reinstated. Settle order on notice.