In the Matter of PAULINE ECKERT, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— Petitioner owns a building in Queens County, in which there are several apartments. Prior to 1949, the second floor front apartment consisted of three rooms and had a maximum registered rental of $35 a month. Some time in 1949, and 1950, petitioner's predecessor in title installed partitions in the said apartment, making a five-room accommodation therefrom, and made other improvements at considerable expense and in good faith, intending to rent it for professional use. A certificate of occupancy for professional use was obtained. Petitioner acquired title on August 30, 1950. The accommodation was never rented for professional use. In 1952, one of the partitions was removed and the apartment was rented for housing use at $70 a month. The tenant filed a claim for overcharge. The landlord filed an application for an increase in the maximum rent from $35 to $70 a month. After the State Rent Administrator gave notice that he proposed to determine that the maximum rent was $50 a month, the landlord claimed that the apartment was not subject to rent control pursuant to clause (1) of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), and subdivision 4 of section 9 of the State Rent and Eviction Regulations, in that this was a housing accommodation created by a change from a nonhousing to a housing use after February 1, 1947. The local rent administrator thereafter fixed the maximum rent at $50 a month, which order was affirmed by the State Rent Administrator on June 8, 1953, on the ground that the statute and regulation in question contemplated a situation where an accommodation was not used as a housing accommodation on February 1, 1947, and is then or thereafter changed to a housing accommodation. In an article 78 proceeding to review this order, Special Term annulled the determination on the ground that the use on February 1, 1947, is immaterial; that all the regulation requires is that the housing use shall have been created

on or after February 1, 1947, by a change from a nonhousing use, regardless of when the nonhousing use was in effect; the apartment here meets all the requirements of the regulation; the change from housing to nonhousing to housing was in each instance done at considerable expense and in good faith; the change from nonhousing to housing in 1949, and 1950, was the same as though the initial housing use had never been; for all practical purposes, new housing accommodations were created by the last change in 1952. The State Rent Administrator appeals. Order of Special Term reversed on the law, without costs, and determination of the State Rent Administrator confirmed, without costs. The findings of fact are affirmed. While the apartment in question could have been lawfully used for professional nonhousing purposes after the certificate of occupancy had been issued on August 28, 1950, the facts in this case show that the improvements made pursuant to the intended change from housing to nonhousing use did not so completely change the character of the apartment that it was thereby rendered improper or inconvenient for use as a housing accommodation in whole or in part. Upon the facts and the proof here adduced, it may not be said that the reconversion to housing use in 1952, " created " a housing accommodation by a " change " from a nonhousing to a housing use, within the meaning of the statute and the regulation involved. Nolan, P. J., Adel, MacCrate and Beldock, JJ., concur. Wenzel, J., dissents and votes to affirm, with the following memorandum: When this petitioner purchased the building involved in this proceeding in 1950, it contained a five-room unit on the second floor for which a certificate of occupancy had been issued as a dental office. The unit had no kitchen; partitions had been erected so as to make a five-room unit of what had been a three-room one, and two of the rooms thus created had two dental sinks. The present owner never rented the premises as a dental office, or a dwelling, but removed the partitions and surplus plumbing and reinstalled a kitchen, thus destroying improvements costing somewhere between approximately $1,200 and $2,200. The cost of the alteration and the installation of the kitchen required an additional expenditure on the part of the petitioner of from $230 to $900. (The lower figures are the Administrator's estimate.) The wording of the statute is clear and needs no interpretation. The premises, when purchased by the landlord, could by no stretch of the imagination be called a dwelling — it now is.