Matthew M. Levy, J.
This is an article 78 (Civ. Prac. Act) proceeding instituted by the owner of certain premises to vacate an order of the State Rent Administrator which fixed a maximum rental unsatisfactory to the petitioner. The principal purpose of the proceeding is to declare that the premises involved are not now subject to rent control.
The dwelling involved is a two-room apartment in the rear of a store on the ground floor of the premises at 318 Bedford .Avenue, Brooklyn, New York. On or about June 6, 1955, upon the complaint of the tenant, the local rent administrator commenced an administrative proceeding, pursuant to section 36 of the State Rent and Eviction Regulations, to fix a maximum rental for the apartment of the sum of $5.50 per week. At the time, the weekly rental received therefor was $13.50 and registrations were filed by the landlord to that effect on or about December 27, 1954, and January 5, 1955. She opposed the tenant’s application upon the ground that the apartment was not subject to control. The issue presented is whether the apartment in question was in fact converted from a non-housing to a housing use after February 1,1947, so as to qualify it for exemption within the purview of the State Residential Rent Law and of the State Rent and Eviction Regulations. The statute (§ 2, subd. 2, par. [g], cl. [1]; L. 1946, ch. 274, as amd. by L. 1950, ch. 250) in its present form specifically exempts *437 from control, among others, “ housing accommodations created by a change from a non-housing to a housing use on or after February first, nineteen hundred forty-seven ’ ’. The regulations (§ 9, subd. 4), in their pertinent part, provide that: “ These regulations shall not apply to the following: * * * 4. Housing accommodations created by a change from a non-housing to a housing use on or after February 1, 1947.”
In support of her contention, the landlord presented an affidavit in which she stated, in substance, that the premises in question had never been used for housing purposes prior to October 16, 2947, that the rooms affected had been part of a store and were used only either in connection therewith commercially or as storage space up to the specified date, at which time they were sealed off from the store and converted into the furnished separate housing unit here involved. The daughter of the prior owner presented a sworn statement to the same effect. In further support of this contention the landlord submitted a letter from the Brooklyn Union Gas Company dated October 13,1955, stating that the first gas bill for this apartment was sent on December 10, 1947, and a photostatic copy of an order of the Federal rent director, effective September 29, 1948, denying an application to decrease the maximum rent of the same apartment upon the ground that: “It appears that the tenant’s apartment is eligible for decontrol according to the rules and regulations of this office which read in part as follows: ‘ Housing accommodations which for any successive 24 month period during the period February 1, 1945 to March 30,1948, both dates inclusive, ’ were not rented as housing accommodations. ’ ’
The local rent administrator requested the landlord to file approved plans, specifications and certificate of occupancy to substantiate her claim of conversion from a nonhousing to a housing use, but this request was not complied with. The rent commission directed its inspector to examine the premises, but his report appears to have no reference to any facts other than living and physical conditions of the apartment at the time of the inspection. The local rent administrator issued an order fixing the rent for the apartment at $5.50 per week. The landlord protested to the State Rent Administrator. The protest was denied substantially upon the grounds that “ the Administrator notes that the landlord did not comply with the Local Rent Administrator’s request to submit approved plans, specifications and certificate of occupancy to substantiate her claim of a change from a non-housing to a housing use; and that the landlord did not submit sufficient evidence to substantiate her *438 allegation that the two rear rooms were part of the store unit prior to the alleged conversion.” z
The second ground for the ruling is quite contrary to the facts as disclosed by this record. It is apparently conceded that between 1947 and 1948 the rooms were used for storage purposes, and not for housing accommodations. From the opposing papers submitted by the respondent it appears that the determination attacked by the petitioner was predicated upon the assumption that the apartment in question had formerly been used as a housing accommodation by the proprietor of the store of which they were a part. However, I am unable to find any facts or evidence in the record of the proceedings before the commission to substantiate or support such a finding. The fact is that the only evidence adduced relating to that question was that submitted by the petitioner. This consisted of her affidavit, and that of the prior landlord’s daughter, the Federal rent office order and the gas company bill heretofore referred to. Nor has the respondent, in its opposing presentation, stated any facts to refute the sworn statements of the petitioner and of the daughter of the prior owner that the rooms in question were never previously used as housing accommodations.
In the circumstances, I am unable to find any factual basis in the record for the decision by the Administrator that, prior to 1947, the premises were used as housing accommodations. The only evidence in the record, in my opinion, is clearly to the opposite effect, and that has not been refuted or contradicted in any respect. The cases relied upon by the respondent — Matter of Fiesta Realty Corp. v. McGoldrick (284 App. Div. 551, revd. on procedural grounds 308 N. Y. 869) and Matter of Dajohn Realty Corp. v. McGoldrick (1 A D 2d 835) — are clearly distinguishable on their facts. In each case the premises involved were abandoned residential property which were later rehabilitated for the same type of use. Indeed, in the Fiesta case (supra, p. 556), the court appears to have prophetically pointed out that the case was different from the instant one, saying: “A nonhousing use involves real property being actually used for a nonhousing purpose, as for example, a commercial use. One-time housing that is in nonuse is not devoted to a nonhousing use. In a situation such as this, it is the last use that determines the character of the building.”
The first ground stated by the Administrator presents another problem. I should ordinarily have been inclined to remand the matter to the commission so that the petitioner or the respondent would be given a further opportunity to obtain the *439 requested documentary or official information. And, if this were a case in which it was shown that the landlord was seeking “ to sidestep ” a determination “ in the first instance by the Bent Administrator, who has the jurisdiction and duty in law to make such a determination” (see Confederated Properties v. Nosek, 2 A D 2d 383, 384), I should not hesitate to dismiss the proceeding and relegate the landlord to her remedies before the Administrator.
But I have come to the conclusion that this procedure would not, in the instant case, be helpful. For the law is clear that, even if the owner had not filed plans with the department of housing and buildings and had not obtained a certificate of occupancy, these facts have no bearing upon the legal right of the landlord of the premises to have her property exempt from statutory control where it appears that in fact there was an actual change from nonhousing to housing accommodations within the required period (Matter of Schonbuch v. Abrams, 1 A D 2d 658). It is especially significant that the same premises were held decontrolled by the Federal rent director in September, 1948, for the reason that they had not been rented as housing accommodations for at least two years prior to March 30, 1948. The pertinent Federal rent control law, in effect at that time, upon which this finding was apparently based, is substantially similar to the New York statute. Nothing has been shown to indicate any change in the status from nonhousing to housing accommodations before February 1, 1947. (Cf. Matter of Servedio v. Abrams, 208 Misc. 397.)
I am therefore of the opinion that the premises were exempt from control as a matter of law and that the order of the Administrator was beyond his jurisdiction (see Matter of Lo Presti v. McGoldrick, 284 App. Div. 827, affd. 308 N. Y. 706, and cases therein cited). The determination is therefore vacated, and an order has been signed accordingly.