Aron Steuer, J.
Plaintiffs, former tenants whose lease has expired, sued for a rent overcharge, including counsel fee and treble damages. The court awarded the actual difference and $100 counsel fee.
Considering first the tenants’ appeal — The question is whether the alleged overcharge was willful. The tenants notified the landlord that the rental specified in the lease was in excess of the registration with the Bent Commission. The landlord replied that the premises were decontrolled, a position it has consistently maintained. Neither party applied to the Bent Commission for any relief. Each claims it was the obligation of the other to do so. As the validity of the landlord’s position turns on a rather nice question of law (discussed hereinafter on its appeal) it cannot be said that its action was willful unless the onus rested on it to get a definitive ruling. I see no error in the holding that there is no such obligation.
Coming now to the defendant’s appeal — The history of the premises is not disputed. In 1945 the building was remodelled into eight apartments and a school. In 1946 maximum rent was fixed for the apartment in question at $95 a month. The apartment was unrented and was altered into doctors’ offices, the alterations being substantial. It was rented in September, 1946 to a doctor and used by him professionally to September, 1949. It was then remodelled into an apartment. It is not disputed that these conversions of use were substantial and bona fide. Since then it has been rented as an apartment. The plaintiffs occupied it from September, 1954 to April 1, 1955 on a lease. It is defendant’s contention that the apartment is decontrolled pursuant to paragraph (g) of subdivision 2 of section 2 of the State Besidential Bent Law (L. 1946, ch. 274 as amd.), excepting from control ‘ ‘ housing accommodations created by a change from a non-housing to a housing use on or after February first, nineteen hundred forty-seven ”.
It is plaintiffs’ contention that the word “ created ” does not include premises originally housing, then made into business space and reconverted. To support this view, plaintiffs point out that the purpose of the rent laws was two-fold, namely, to prevent profiteering made possible by the housing shortage, and to increase the amount of available housing. The latter was encouraged by exempting from the regulations new housing including premises not hitherto used as housing. This purpose would not be forwarded by granting exemption to premises *605 which.were housing at the time of the enactment of the laws regardless of how their character may have changed subsequently, because obviously the amount of housing available when the situation was acute would not thereby be increased.
Both parties claim that this issue has been determined and the cases are examined as this is the kind of issue in which consistent adherence to precedent is highly desirable. Unfortunately the claims of prior determination are exaggerated and this point has never been passed upon. It is true there are statements that lend support to defendant’s contention — “ The sole statutory requirement [for decontrol] is that the additional housing accommodations be created by such a change of use.” (Matter of Lo Presti v. McGoldrick, 284 App. Div. 827.) “ In a situation such as this, it is the last use that determines the character of the building ” (Matter of Fiesta Realty Corp. v. McGoldrick, 284 App. Div. 551, 556). But these quotations are statements made without this particular problem in mind. In Matter of Schonbuch v. Abrams (1 A D 2d 658) and in the well-considered opinion of M. M. Levy, J., in Matter of Lipson v. Weaver (5 Misc 2d 435) the question arose but proof that the premises had ever been residential was lacking, so that decision of the particular question was obviated. Contrariwise in Matter of 602-4 East 138th St. Corp. v. McGoldrick (284 App. Div. 559) it was held that the proof did not show that there was ever a complete conversion to business use and this finding eliminated the question. And in Matter of Eckert v. McGoldrick (284 App. Div. 810), the holding that the premises were not decontrolled, that the conversion was not complete and never actually resulted in a business use, does not place the case exactly in point. And Bohn v. 434 East 59th St. (282 App. Div. 573) passed upon the point that the fixing of a commercial rent without proof of actual conversion and use does not present an issue of decontrol.
Of course, the purpose of the statute is to “ create ” new housing, and if this is done it is sufficient (Bohn v. 434 East 59th St., supra). Here, at best, new housing was revived or recreated. The various transitions of this apartment left the housing situation exactly as it was before they were begun. In that sense, and it is deemed to be the sense of the statute, no new housing was created and the apartment was not decontrolled.
One other question is presented. What was the maximum rental of this apartment? The court below fixed that rent at 15% above the 1945 registration. Defendant claims that this is error and that a further 15% should be added by virtue of the lease. That is not the direction of the State Bent and *606 Eviction Regulations (§ 33, subd. 2, par. [b]). A written lease may increase the maximum rent, provided it conforms to the other requirements of the section, but only if the rental reserved in it represents an increase of not more than 15% of the maximum rent. Here it did.
The judgment should be accordingly affirmed, without costs.
Hofstadter and Tilzer, JJ., concur.
Judgment affirmed, etc.