■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BROWN, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Bastow, JJ.

■ THOMAS J. BROGAN, Respondent, v. CHESAPEAKE INDUSTRIES, INC., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOYD LUCAS, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin and Stevens, JJ.

■ In the Matter of AMERICAN COIN LOCK Co., INC., Petitioner, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, Respondent.— Determination annulled, with costs to petitioner, and a refund of $695.65 is ordered on the authority of American Locker Co. v. City of New York (308 N. Y. 264). Settle order. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ EMILY HARIGEL, Appellant, v. 138 WEST 48TH STREET THEATRE CO., INC., Respondent.— Judgment so far as appealed from unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of JACOB A. FINE et al., Respondents. LILLIAN ROONEY et al., Appellants, and HARVEY PEATE, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ RICHARD N. BILLINGS et al., Respondents, v. FREEWALT REALTY CORP., Appellant.— Determination of the Appellate Term and judgment of the Municipal Court appealed from unanimously reversed on the law, the facts not being in dispute, and the complaint dismissed, without costs. Prior to February 1, 1947 and until September, 1949, the housing accommodation here involved was utilized for a nonhousing use. In 1949, the premises were converted into a housing accommodation and have been so utilized since. Under the provisions of subdivision 2 (par. [g], cl. [1]) of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), the housing accommodation here involved was exempt from control because of nonhousing use of the premises on February 1, 1947. Although it appears that the premises were utilized as a housing accommodation prior to September, 1946, they were, at about that time, by substantial alteration, converted into a nonhousing use, which persisted for an extended period until September, 1949. Moreover, the bona fides of the landlord in effecting the changed use is conceded. It is unnecessary to determine what would be the consequence if the premises had been devoted to a housing use on the operative statutory date of February 1, 1947. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ. [10 Misc 2d 603.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD RUVIO, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.