■ In the Matter of LORD MANAGEMENT CORP., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Proceeding to review a determination of the State Rent Administrator denying a protest to an order of a Local Rent Administrator which determined that certain housing accommodations were subject to rent control and established the maximum rent therefor at $73.63 a month. The landlord appeals from an order denying the petition and dismissing the proceeding. Prior to September, 1948 the subject accommodations were occupied as a housing unit, with a registered rental of $50 a month. In October, 1948 appellant removed the kitchen equipment from the premises and rented it as a professional apartment at $110 a month to a doctor under a three-year lease. The apartment was so occupied until January 31, 1957. Thereafter, effective March 1, 1957, appellant, after installing new kitchen equipment, rented the apartment to the present tenant at $100 a month under a three-year lease. As a result of a complaint, the Local Rent Administrator, over appellant's objection that the premises were exempt from rent control under clause (1) of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 4 of section 9 of the State Rent and Eviction Regulations, which is to the same effect, fixed the rent at $73.63 a month. Order reversed, without costs, determination of the State Rent Administrator annulled, and matter remitted to the State Rent Administrator for further proceedings not inconsistent herewith. In our opinion, the clear language of the statute and the regulations involved and the undisputed good faith of the landlord over a period of more than eight years require a holding that the property is exempt from rent control. Beldock, Acting P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to affirm on the authority of *Matter of Eckert* v. *McGoldrick* (284 App. Div. 810).

■ In the Matter of the Estate of HARRY SORGEN, Deceased. GERTRUDE SEARGENT, as Substituted Administratrix of the Estate of HARRY SORGEN, Deceased, Appellant; JOSEPH SORGEN et al., Respondents.— In a proceeding pursuant to sections 205 and 206 of the Surrogate's Court Act, the appeal is from a decree of the Surrogate's Court, Queens County, dismissing the petition after trial. Decree unanimously affirmed, with costs, payable personally by appellant. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of WILLIAM TARTER et al., on Behalf of Themselves and All Other Owners of Real Property in Atlantic Beach, Nassau County, Similarly Situated, Respondents, against EDWARD P. LARKIN, as Presiding Supervisor of the Town of Hempstead, Appellant.— In a proceeding to compel appellant to accept for filing certain papers for the incorporation of the proposed Village of Atlantic Beach and to call and conduct a public hearing thereon pursuant to article 2 of the Village Law, the appeal is from an order entered March 17, 1959 granting respondents the relief prayed for in their petition. The notice of appeal brings up for review an intermediate order entered November 24, 1958 denying appellant's motion to dismiss the petition as insufficient in law. Orders unanimously affirmed, with one bill of costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.