**UNITED STATES ex rel. Loyd LUCAS, Petitioner,**

v.

**Hon. J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.**

**Civ. No. 9661.**

United States District Court
N. D. New York.

July 24, 1963.

JAMES T. FOLEY, Chief Judge.

The petitioner was convicted in the Court of General Sessions, New York County, of the crime of Rape First Degree after trial by jury and sentenced on October 16, 1951 to seven and one-half to twenty years. He made an application to the trial court in June, 1957 for coram nobis on the same grounds as alleged here, namely, perjured testimony used knowingly in his trial, together with suppression of evidence by the District Attorney, and he had incompetent counsel at the state trial. The denial of coram nobis was affirmed by the Appellate Division, Second Department, (People of State of New York v. Lucas, 6 A.D.2d 1039, 178 N.Y.S.2d 1011). The petition alleges denial by Chief Judge Desmond of the Court of Appeals, New York, for permission to appeal. Certiorari was denied. (360 U.S. 906, 79 S.Ct. 1290, 3 L.Ed.2d 1257).

It may be the District Judges are to accept carte blanche the allegations of state prisoners, often unsupported and purely conclusory, and grant each a hearing with all the evident burdens imposed upon the machinery of the court. There must be some sense of judgment, perception and discretion still remaining with the District Judges. As I read Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, admittedly extraordinary in its command and guide for evidentiary hearings, it still allows a sensible appraisal of the state record or intelligent reconstruction when opinions and other indicia are present to reach judicious decision as to the necessity for hearing.

The applicant for federal habeas corpus must still allege facts, not conclusions, according to its reasoning and the settled principles of Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469, and Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 94 L.Ed. 761, in this respect are not diluted or changed. The caution in Townsend v. Sain that too promiscuous grants of evidentiary hearings will swamp the district courts and cause acute and unnecessary friction with state organs of criminal justice, in my judgment, cannot be underestimated and to me is of utmost importance to heed for the welfare of our federal system. If hearings are granted or ordered as a perfunctory or automatic procedure merely upon the filing of the petition, federal habeas corpus proceedings and their great purpose to safeguard against substantial miscarriages of justice will be lost in a rubble of futile and useless hearings. (United States ex rel. McGrath v. LaVallee, Warden, (Friendly, C. J. concurring), 2 Cir., 319 F.2d 308.)

In this instance, as in many, the petitioner makes the most serious of charges and I find them insufficient to warrant a hearing. The charges are familiar ones and follow a pattern, as previously stated, that the District Attorney knowingly used perjured testimony to obtain the conviction, suppressed evidence with knowledge, and the petitioner was represented by incompetent counsel. These standardized charges may become patented for the state prisoner petitions if without more, or with very little added, they become effective in the goal for the long trips outside the prison gates to the distant District Courts. To compel the District Attorney or his assistants, and possibly even the Trial Judge on occasion, to also travel a long distance, and account to a federal judge for their alleged transgressions under examination and cross-examination I know, from ex-

perience, is always relished with delight. In my judgment, we should weigh motive when we evaluate these countless petitions for their truth and honesty of presentation.

It was not submitted with the petition, but Judge Carney of the Court of General Sessions, New York, wrote an opinion in 1957 when he denied the application for a writ of error coram nobis. A copy of the opinion upon my request to the Attorney General of New York was furnished by the office of the District Attorney involved, Frank S. Hogan, and a note upon it shows the opinion was published in the New York Law Journal December 20, 1957. It shall be filed with the Clerk of the Court. The opinion discloses careful consideration of the claims made here by the petitioner and in my judgment gives intelligent and knowledgeable answer to each of them.

The allegations of the petitioner, mostly assumptions, are pointed out by Judge Carney as groundless. The complaints of the petitioner as to perjured testimony relate to discrepancies and inconsistencies that may appear, and often do, in the trial of every criminal prosecution, state or federal. It is clear that there was no concealment of the alleged discrepancies, and the Trial Court itself developed the inconsistencies. Such fairness itself destroys the unsupported claim of knowing use of perjured testimony and suppression. The decision of Judge Carney completely refutes the charge of the petitioner here that his Legal Aid counsel did not have time to acquaint himself with his case. By reference to court records it is shown that the same lawyer from the Legal Aid Society represented the petitioner from May 9, 1951, the date of the preliminary felony court hearing, until his sentence on October 25, 1951. A more startling contradiction of the criticism of this attorney by the petitioner as to his knowledge of the case

is that the same attorney represented the petitioner on July 11, 1951, when he was permitted to withdraw his plea of guilty to the crime of assault in the second degree with intent to commit rape.

I am confident that this written diagnosis by a State Judge made conscientiously and competently fits my own independent evaluation of the petition. Infallibility is not bestowed upon any of us. Facts and not mere legal statements should be the test and measurement of worth. Of course, it is realized that these presentations by indigent prisoners cannot be made in polished, legal form. This District Court has always been most liberal in such regard. Facts, even when stated in the most inexact form, are ascertainable without any difficulty by a conscientious judge. There is not the slightest persuasion for my judgment that the detention of this petitioner violates his fundamental liberties, safeguarded against state action by the Federal Constitution. (Townsend v. Sain, supra, 372 U.S. pg. 312, 83 S.Ct. pg. 756). There is nothing substantial to indicate knowing use of perjured testimony or suppression of evidence. (Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. Kansas, 317 U.S. 213, 215–216, 63 S.Ct. 177, 87 L.Ed. 214; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Brady v. Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215). The claim of incompetent and unprepared counsel is unsupported by the record and lacks merit in the federal sense. (United States ex rel. Darcy v. Handy, Warden, 3 Cir., 203 F.2d 407; In re Ernst's Petition, 3 Cir., 294 F.2d 556; Hensley v. United States, 108 U.S.App.D.C. 242, 281 F.2d 605).

The petition is denied and dismissed. The papers shall be filed by the Clerk without the payment of fee.

It is So Ordered.