PYLE *v.* KANSAS ET AL.

No. 50.   Argued November 9, 10, 1942.—Decided December 7, 1942.

*Mr. Joseph P. Tumulty, Jr.* for petitioner.

*Mr. Jay Kyle,* with whom *Messrs. Jay S. Parker,* Attorney General of Kansas, and *Braden C. Johnston,* Assistant Attorney General, were on the brief, for respondents.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Petitioner seeks to review an order of the Supreme Court of Kansas denying his application for writ of habeas corpus. In 1935 petitioner was convicted by a jury in a Kansas state court upon an information charging him

with the crimes of murder and robbery. A motion for a new trial was overruled, and he was sentenced to life imprisonment under his conviction for murder, and to a term of from 10 to 21 years for robbery. On appeal the judgment was affirmed by the Supreme Court of Kansas. *State* v. *Pyle,* 143 Kan. 772, 57 P. 2d 93.

On November 20, 1941, petitioner, a layman acting in his own behalf, filed an original application for writ of habeas corpus in the Supreme Court of Kansas. The crude allegations of this application charge that his imprisonment was the result of a deprivation of rights guaranteed him by the Constitution of the United States, in that the Kansas prosecuting authorities obtained his conviction by the presentation of testimony known to be perjured, and by the suppression of testimony favorable to him. Filed with this application were a brief and an abstract, also apparently prepared by petitioner himself, which are part of the record before us. These documents elaborate the general charges of the application, and specifically allege that "one Truman Reynolds was coerced and threatened by the State to testify falsely against the petitioner and that said testimony did harm to the petitioner's defense"; that "one Lacy Cunningham who had been previously committed to a mental institution was threatened with prosecution if he did not testify for the State"; that the testimony of one Roy Riley, material to petitioner's defense, "was repressed under threat and coercion by the State"; that Mrs. Roy Riley and Mrs. Thelma Richardson were intimidated and their testimony suppressed; and, that the record in the trial of one Merl Hudson for complicity in the same murder and robbery for which petitioner was convicted, held about six months after petitioner's direct appeal from his conviction, reveals that the evidence there presented is inconsistent with the evidence presented at petitioner's trial, and clearly exonerates petitioner.

Certain exhibits accompanied the application; among these were copies, sworn by petitioner to be true and correct copies of the originals, of an affidavit executed by Truman Reynolds in 1940, and a letter dated February 28, 1941, from the former prosecuting attorney who represented the State at petitioner's trial. The affidavit contained a statement that affiant "was forced to give perjured testimony against Harry Pyle under threat by local authorities at St. John, Kansas and the Kansas State Police, of a penitentiary sentence for burglary if I did not testify against Mr. Pyle." The letter stated, "Your conviction was a grave mistake," and further that, "The evidence at the trial of Merl Hudson certainly shattered the conclusions drawn from the evidence produced at your trial."

In connection with his application, petitioner moved for the appointment of counsel to represent him, for subpoenas duces tecum to bring up the records in the trials of Merl Hudson and one Bert (Bud) Richardson, for the subpoenaing of certain witnesses allegedly material to his case, and for his presence in court. The record does not show what disposition, if any, was made of these various motions.

No return was made to the application for the writ. On December 11, 1941, the court below entered an order "that said petition be filed and docketed without costs, and thereupon, after due consideration by the court, it is ordered that said petition for writ of habeas corpus be denied." There was no opinion. A motion to rehear was also denied without opinion. We brought the case here on certiorari, 316 U. S. 654, because of the constitutional issues involved.

Habeas corpus is a remedy available in the courts of Kansas to persons imprisoned in violation of rights guaranteed by the Constitution of the United States. *Cochran* v. *Kansas,* 316 U. S. 255, 258. Petitioner's papers are

inexpertly drawn, but they do set forth allegations that his imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction, and from the deliberate suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if proven, would entitle petitioner to release from his present custody. *Mooney* v. *Holohan,* 294 U. S. 103. They are supported by the exhibits referred to above, and nowhere are they refuted or denied. The record of petitioner's conviction, while regular on its face, manifestly does not controvert the charges that perjured evidence was used, and that favorable evidence was suppressed with the knowledge of the Kansas authorities. No determination of the verity of these allegations appears to have been made.[1] The case is therefore remanded for further proceedings. *Cochran* v. *Kansas, supra; Smith* v. *O'Grady,* 312 U. S. 329; cf. *Waley* v. *Johnston,* 316 U. S. 101, 104. In view of petitioner's inexpert draftsmanship, we of course do not foreclose any procedure designed to achieve more particularity in petitioner's allegations and assertions.

*Reversed.*

---

[1] *In re Pyle,* 153 Kan. 568, 112 P. 2d 354, is not such a determination. That was an appeal by petitioner from the dismissal of another petition for writ of habeas corpus by the Kansas district court for the Leavenworth district.