**BAKER v. ELLIS.**

No. 13739.

United States Court of Appeals
Fifth Circuit.

March 18, 1952.

Douglas W. Baker, in pro. per.

No counsel entered for appellee.

Before BORAH, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The District Court declined either to award the writ of habeas corpus or to enter a show cause order, but the Judge did issue the certificate of probable cause made necessary for this appeal by 28 U.S. C.A. § 2253. It cannot be doubted that the judgment is such a final judicial determination of the case as is reviewable here on appeal.[1]

Petitioner was convicted of two separate offenses of burglary in the 54th District Court of McClennan County, Texas, and was sentenced to confinement in the Texas State Penitentiary for not less than two nor more than twelve years for each conviction, the sentences to be served consecutively. He seeks his freedom upon three grounds connected with his trial: (1) that the grand and petit jurors were not chosen from a proper cross section of the legal voters in the area;[2] (2) deprivation of the assistance of counsel under such circumstances as amount to denial of due process;[3] and (3) a plea of guilty obtained under duress.[4] In view of

1. Ex parte Quirin, 317 U.S. 1, 24, 63 S. Ct. 1, 87 L.Ed. 3; In re Snow, 120 U.S. 274, 280, 281, 7 S.Ct. 556, 30 L.Ed. 658; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 867.

2. Cassell v. Texas, 339 U.S. 282, 70 S. Ct. 629, 94 L.Ed. 839.

3. Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191; Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Bute v. People of State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

4. Palmer v. Ashe, supra; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859.

petitioner's inexpert draftsmanship, his petition ought not to be scrutinized with technical nicety.[5] We therefore do not at this time review the sufficiency of the averments as to any one of the grounds.

His application disclosed that he had been refused a writ of habeas corpus by the Court of Criminal Appeals of Texas, Ex parte Baker, Tex.Crim.App., 229 S.W. 2d 73, and that the Supreme Court of the United States had denied his subsequent petition for certiorari. 341 U.S. 910, 71 S. St. 618, 95 L.Ed. 1348.

In a memorandum setting forth the reasons for his rulings, the District Judge indicated that his refusal to issue the writ or to enter a show cause order might be based on one or more of the following: 1. that "substantially the same matter" had been passed on by the District Court on a previous petition; 2. that at least some of the issues of fact had been determined against petitioner's contentions by the Court of Criminal Appeals of Texas; 3. that upon at least some of the claimed grounds for relief petitioner had not exhausted his remedies in the State Courts.

The record before us does not disclose the proceedings in the Court of Criminal Appeals of Texas, nor whether any hearing was accorded the petitioner by that Court. We cannot tell, in the present state of the record, whether the petitioner has exhausted the remedies available in the courts of Texas.[6] Nor can we tell whether the Texas Court considered the recitals in the record conclusive, or just what facts, if any, were found to exist by the Texas Court.

Like observations hold true as to the previous petition in the Federal District Court.[7]

█ In some way, by the issuance of a show cause order or otherwise, the petitioner should have the opportunity of developing a record upon which his rights may be intelligently and certainly determined and reviewed. The judgment is therefore

Reversed.

---

5. Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392; Pyle v. Kansas, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 865.

6. 28 U.S.C.A. § 2254.

7. 28 U.S.C.A. § 2244.