UNITED STATES of America, Plaintiff,

v.

Wilton WALLACE, et al., Defendants.

Cr. No. H–87–18.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 13, 1987.

Mary Milloy, United States Attorney's Office Houston, Tex., for plaintiff.

Reid D. Walker, Walker & Cease, Houston, Tex., for defendants.

### ORDER

McDONALD, District Judge.

Pending before the Court is Defendant Jose Uvalle's Motion to Dismiss Count Four of the Indictment for failure to state an offense against the United States.[1] After carefully considering the arguments and the applicable law, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is DENIED.

This is an action presented by way of a criminal indictment which charges in Count Four that each of the Defendants, all of whom were employees of the Texas Department of Corrections, while acting under color of law of the State of Texas did willfully, knowingly, and intentionally combine, conspire, confederate and agree with each other to deprive a citizen of the United States his liberty without due process of law—his liberty right not to have false evidence intentionally presented against him in official proceedings by those acting under color of law. It is charged that this conspiracy was to be accomplished in a number of ways, *e.g.*, the preparation of false interoffice memoranda, the planting of false evidence, and the submission of false incident reports and sworn statements to both the Warden, David Christian and the Brazoria County Sheriff's Department.

Defendant argues that the mere preparation of false reports and statements does not infringe upon any right guaranteed by the Constitution and laws of the United States and that to the extent that such a liberty right exists, the provision for a hearing provided by the disciplinary proceeding of the Texas Department of Corrections affords Cervantes his due process rights.

 The Defendant's position is without merit. This is not an action brought by a prisoner alleging a violation of 42 U.S.C. § 1983; it is an action brought by the United States alleging a criminal conspiracy in violation of 18 U.S.C. § 241. The United States need not prove an actual deprivation of the rights which would afford Cervantes with a private cause of action under 42 U.S.C. § 1983. It must only prove, as is

1. This Motion was filed two business days before trial commenced. Magistrate Brown granted leave to Defendant to file this Motion out of time, therefore the Court considered it. All Defendants have joined in and adopted this Motion.

charged in Count Four, that the Defendants entered into:

(1) an agreement, that is an agreement between two or more persons;

(2) to deprive a citizen of the United States of America of;

(3) a right guaranteed by the Constitution and/or laws of the United States. *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

The fact that the agreement was not accomplished, does not preclude a finding of unlawful activity as charged in the conspiracy count. *See* Fed.R.Crim.P. 7. A benign preparation of false evidence by persons acting under color law is not·the offense which is charged in Count 4. The United States has charged and must prove that.the reports and evidence were intentionally prepared pursuant to this conspiracy and that their preparation was for presentation at the disciplinary hearing and/or to Brazoria County officials. Such a conspiracy if proved would deny Cervantes of his liberty without due process of law.

■ It is clear that Cervantes possesses a liberty interest in not having false statements, reports and evidence presented at such official proceedings. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Miller v. Pate*, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967). Complicity by the officer or prosecutor need not be charged for such evidence was to be presented by persons who themselves were clothed with color of state law as a part of the conspiracy. *Luna v. Beto*, 391 F.2d 329 (5th Cir.1967), *rev'd on other grounds*, 395 F.2d 35 (5th Cir.1968), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969).

The effect of the nondisclosure is not neutralized because the prosecuting attorney was not shown to have had knowledge of the exculpatory evidence. Failure of the police to reveal such material evidence in their possession is equally harmful to a defendant whether the information is purposely, or negligently, withheld. *And it makes no difference if the withholding is by officials other than the prosecutor.* The police are also part of the prosecution, and the taint on the trial is no less if they, rather than the State's Attorney, were guilty of the nondisclosure. If the police allow the State's Attorney to produce evidence pointing to guilt without informing him of other evidence in their possession which contradicts this inference, state officers are practicing deception not only on the State's Attorney but on the court and the defendant. 'The cruelest lies are often told in silence.' If the police silence as to the existence of the reports resulted from negligence rather than guile, the deception is no less damaging.

The duty to disclose is that of the state, which ordinarily acts through the prosecuting attorney; but if he too is the victim of police suppression of the material information, the state's failure is not on that account excused.... (Emphasis supplied)

*Luna*, 391 F.2d at 332, *citing Barbee v. Warden Maryland Penitentiary*, 331 F.2d 842, 846 (4th Cir.1964). This is the burden of proof the United States carries.

Defendant's reliance on *Freeman v. Rideout*, 808 F.2d 949 (2d Cir.1986) does not convince this Court to the contrary. That court's opinion, although persuasive authority, misses the mark. First, the court was called upon to determine what proof is required to prove a violation of 42 U.S.C. § 1983. That is not the issue presented to this Court. Second, to the extent that the *Freeman* court found that the introduction of false evidence does not violate the due process clause, it is at odds with the United States Supreme Court. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Further controlling case law is in accord. "The use of such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is obtaining a like result by intimidation." *Morrison v. LeFevre*, 592 F.Supp. 1052 (S.D.N.Y.1984) *citing Brady v. Maryland*, 373 U.S. 83, 86–88, 82 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963).

The fact that prisoners are not entitled to the full panoply of procedural protections afforded at trial when they are subject to internal prison disciplinary proceedings does not deprive them of the fundamental right not to have state officials make purposefully false statements about them. *Morrison v. LeFevre*, 592 F.Supp. 1052, 1073 (S.D.N.Y.1984). "[H]owever minimal the process due to prisoner's before segregation, that process is insufficient when it has been contaminated by the introduction through state action of false inculpatory evidence." *Morrison*, 592 F.Supp. at 1073. The focus is on the essential fairness of the procedure. Although the Court recognizes that *Morrison* involves a segregation before a hearing the underlying theory used is instructive. It follows that when a proceeding is tainted by false statements and false evidence, the requirement of fundamental fairness is lacking.

The notion that a prison guard can deprive an inmate of his liberty interest and not violate any constitutional guarantees if if there is a due process system to redress the wrong presupposes a fair hearing. Inherent in procedural due process is the right to a fair trial. It is the opportunity to be heard in a meaningful way and in a meaningful manner. The requirement of due process is not satisfied by mere notice and hearing if the State presents its case by evidence received from officers acting under color of state law when such evidence was secured by deliberate deception of the court and jury by the presentation of testimony known to be perjured. *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Pyle v. Kansas*, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Luna v. Beto*, 391 F.2d 329 (5th Cir.1967) *rev'd on other grounds*, 395 F.2d 35 (5th Cir.1968), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969).

In the instant case the duplicity of the false statements (i.e. eleven sworn statements that Cervantes committed an assault) and false evidence (i.e. "thrown down knife," false incident reports) submitted to the Warden and the Brazoria County officials rises to such a level as to offend the fundamental conceptions of due process and rudimentary demands of justice. Thus an agreement to present false evidence and reports in official proceedings sufficiently charges a conspiracy to deprive Cervantes of his due process rights, even though the unlawful result may not have been accomplished. The Court finds that the Government has sufficiently charged a violation of a fundamental right guaranteed by the Constitution of the United States in Count Four.

Defendant also makes passing reference to the obstruction of justice offense in Count Four alleging that Cervantes has no constitutionally protected interest in exposing the alleged wrongdoing by TDC employees or in directing the focus of any investigation by other agencies. Defendant misread the indictment. The United States alleges in Count Four that obstruction of justice is the object of the illegal conspiracy along with the violation of the alleged victim's civil rights under 18 U.S.C. § 241. This matter is addressed in greater detail in an order entered October 5, 1987, denying Defendant Rasbeary's Motion to Strike Surplusage. It is therefore

ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss be DENIED.