Beasley et al v. Morgan et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-046-CV

Â Â Â Â Â ROOSEVELT BEASLEY, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â WARDEN JAY T. MORGAN, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-046-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Roosevelt Beasley, et al. appealed from the court's dismissal of their in forma pauperis
petition. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001 (Vernon Supp. 1995). Beasley filed
a notice of appeal on March 2, 1995, and the transcript was filed in this court on March 6. 
Although his brief was due on April 5, no appellant's brief has been filed. See Tex. R. App. P.
74(k). Appellate Rule 74(l)(1) provides:
Civil Cases. In civil cases, when the appellant has failed to file his brief in the time
prescribed, the appellate court may dismiss the appeal for want of prosecution, unless
reasonable explanation is shown for such failure and that appellee has not suffered
material injury thereby. The court may, however, decline to dismiss the appeal,
whereupon it shall give such direction to the cause as it may deem proper.
Id. 74(l)(1).
Â Â Â Â Â Â More than thirty days have passed since Beasley's brief was due. We notified him of this
defect by letter on May 4. See id. 60(a)(2), 83. He has not responded to our letter showing
grounds for continuing the appeal, nor has he provided a reasonable explanation for failing to file
a brief. Therefore, this appeal is dismissed for want of prosecution. See id. 74(l)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed for want of prosecution
Opinion delivered and filed May 17, 1995
Do not publish



n the telephone from 9:20
a.m. to 9:34 a.m.  She testified that Sandoval called from his motherÂs
landline, not a cellular telephone.Â  She knew this because she saw the number
on her caller ID, Sandoval had previously called from that number, and she
checked the number on 411.com, which listed the number as a landline.

The State requested fifteen minutes to investigate
the status of this telephone number. Â Investigator Don Marshall contacted Southwestern Bell security and learned that the number had been assigned to a T-Mobile cellular
telephone since September 2004.Â  He did not inquire as to the owner of the
number or whether the number was assigned to a cellular telephone on the day of
the robbery.

USE OF FALSE TESTIMONY

Arguing that MarshallÂs testimony was false or
misleading, Sandoval contends in his first two issues that: (1) the State
knowingly used false testimony in violation of his due process rights provided
by the Fourteenth Amendment to the United States Constitution; and (2) the
State negligently used false testimony in violation of his due course of law
rights provided by article I, section 19 of the Texas Constitution.

Â Â Â Â Â Â Â Â Â Â Â  Â A defendant must object to the StateÂs
use of allegedly false evidence to preserve the complaint for appeal. Â Davis
v. State, No. 10-06-00009-CR, 2008 Tex. App. LEXIS 7146,Â at *18-19 (Tex. App.ÂWaco Sept. 24, 2008, no pet. h.)Â (citing Haliburton v. State, 80 S.W.3d 309, 315 (Tex. App.ÂFort
Worth 2002, no pet.)); see Tex. R.
App. P. 33.1. Â At the time of MarshallÂs testimony that the
number was assigned to a cellular telephone, Sandoval was aware of contrary
information suggesting that the number was assigned to a landline.Â  He could
have objected to MarshallÂs testimony at trial, but failed to do so.Â  His first
and second issues are not preserved for appellate review.

MOTION FOR NEW TRIAL

In his third issue, Sandoval challenges the denial
of his motion for new trial on grounds that the State used false or misleading
evidence to negate his alibi defense.Â  We review a trial courtÂs denial of a motion for new trial
for abuse of discretion.Â 
Benton v. State, 237 S.W.3d 400, 404 (Tex. App.ÂWaco 2007, pet.
refÂd) (citing Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim.
App. 2001)).

In his motion for new trial, Sandoval argued that
he did not receive a fair trial because the State used Âinaccurate hearsay
testimonyÂ, i.e., MarshallÂs testimony that the telephone call to
Perales was made from a cellular telephone rather than a landline, which Âcompletely
destroyed [his] alibi defense.ÂÂ  In an affidavit, Guy Cox, SandovalÂs trial
attorney, described this testimony as Âinaccurate and potentially misleading.ÂÂ 
Cox opined that PeralesÂs testimony that Sandoval called her from a landline
approximately twenty-six minutes before the robbery, coupled with TommyÂs
testimony that he and Sandoval drove around for about an hour before the
robbery, made SandovalÂs Âpresence at the robbery very remote.ÂÂ  Cox was
surprised by MarshallÂs testimony because he had Âreceived information to the
contrary and did not believe its veracity was an issue.ÂÂ  Also attached to SandovalÂs
motion was a computer printout from 411.com listing the number as a landline
and telephone book pages showing the number in the residential listings.

Sandoval subsequently filed telephone records from
the AT&T custodian of records, which identified the number as a landline at
the time of the robbery.Â  Additional AT&T records showed an incoming call
to Perales from this number at 8:29 a.m., a three-minute call, and 9:20 a.m., a
fourteen-minute call.

At the hearing on SandovalÂs motion, Wanda Mathews,
AT&T custodian of records, testified that the number was a landline at the time
of the robbery.Â  Mathews testified that cellular telephone numbers are not
listed in the residential pages of the telephone book, and Sandoval introduced
residential pages from the AT&T telephone book, which listed the number.Â 
According to Mathews, the address listed in the telephone book matched the
address on AT&TÂs billing records.Â  She further testified that it was
possible that the number was assigned to a cellular telephone at some point in
the past.

Cox testified that MarshallÂs testimony Âseriously
underminedÂ SandovalÂs alibi defense.Â  He had hoped that PeralesÂs testimony
establishing that Sandoval was possibly at a different place at a different
time than testified to by Tommy would convince the jury to find Sandoval not
guilty.Â  On cross-examination, he agreed that the telephone records and books
were not new evidence.Â  The State provided Cox with a Google map showing the
distance from the house to the mall as 2.9 miles or seven minutes.Â  Cox agreed
that a forty-four-minute time period existed between the end of the call to
Perales at 9:34 and the 9-1-1 call at 10:18; thus, Sandoval had time to get to
the mall even assuming that the number was a landline.Â  However, he did not
believe that the 9-1-1 call was the most significant, as Ryall had estimated
that the robbery occurred at 9:50.

The prosecutor testified that Ryall did not
identify a specific time when the robbery occurred.Â  She believed that the
robbery occurred no earlier than 10:05 because Ryall had testified that she was
late for work and the mall opens at 10:00.Â  The prosecutor also believed that,
assuming the number was assigned to a landline and the robbery occurred sixteen
minutes after the call ended, Sandoval still had time to commit the robbery.Â 
In fact, she was able to drive the route from SandovalÂs home to the mall in
seven minutes and seventeen seconds, after stopping at a major intersection and
driving the forty mile-per-hour speed limit.

The prosecutor further testified that, although
she had subpoenaed Perales as a punishment witness, she learned about the
landline allegation during PeralesÂs testimony.Â  She requested Âfive minutesÂ
to investigate this testimony and asked Marshall to contact the telephone
company.Â  She was not present when he contacted Southwestern Bell; however, she
also testified that the specific digits of the number indicated to her that it was
assigned to a cellular telephone, which made sense according to TommyÂs testimony.Â 
She would not have put someone on the stand to say that the number was assigned
to a cellular telephone when it had not been.

At the conclusion of the hearing, the trial court
noted that SandovalÂs mother was Âin the courtroom during the trial when the
defense was putting on their evidence.ÂÂ  He denied SandovalÂs motion.

Analysis

A defendant is entitled to a new trial based on
the StateÂs use of false evidence where: (1) the State ÂusedÂ the testimony;
(2) the testimony was ÂfalseÂ; (3) the testimony was Âknowingly usedÂ; and (4)
if these questionsÂ are affirmatively answered, there is a reasonable
likelihood that the false testimony could have affected the judgment of the
jury.Â  Ramirez v. State, 96 S.W.3d 386, 394-95 (Tex.
App.ÂAustin 2002, pet. refÂd) (citing Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79
L. Ed. 791 (1935); Pyle v. Kansas, 317 U.S. 213, 63 S. Ct. 177, 87
L. Ed. 214 (1942); Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3
L. Ed. 2d 1217 (1959)). Â A defendant need not show that a witness
Âknew the testimony was false or otherwise harbored a sufficient culpable
mental state to render the witness subject to prosecution for perjuryÂ or that
the ÂwitnessÂs specific factual assertions were technically incorrect or
Âfalse.ÂÂÂ  Id. at 395.Â  ÂIt is sufficient if the witnessÂs testimony
gives the trier of fact a false impression.ÂÂ  Id.

Evidence presented at the hearing on SandovalÂs
motion for new trial establishes that the number is a landline and that Perales
received a telephone call from that number on the morning of the robbery.Â  MarshallÂs testimony to the contrary is false and misleading.Â  The State used this
testimony during closing to argue that Sandoval called Perales from a cellular
telephone while driving around looking for someone to rob.Â  The State further
argued that Sandoval failed to present anything to rebut this fact.Â  

The record contains no evidence suggesting that Marshall or the State knew the testimony was inaccurate, or even potentially inaccurate, at
the time the testimony was elicited.Â  Nor does the record establish that the
State should have known that MarshallÂs testimony was false or misleading.Â  The
evidence presented at trial did not conclusively establish that the number was
assigned to either a landline or a cellular telephone.Â  Neither the State nor
Sandoval provided the jury with documentary evidence confirming their respective
positions or sought additional time to do so.Â  Not until the motion for new
trial did Sandoval present evidence other than PeralesÂs testimony to establish
the number as a landline.

In fact, at the motion for new trial hearing,
Mathews testified that the telephone records would have been available at the
time of trial.Â  She would have appeared at trial with the records had she
received a subpoena.Â  Neither were the telephone book pages new.Â  Sandoval
could have procured other evidence supporting his contention that the number was
assigned to a landline, but he failed to do so.

Even assuming that the State was aware of or
should have been aware of the error and refused to correct it, we cannot say beyond
a reasonable doubt that MarshallÂs testimony affected the judgment.Â  During
closing argument, the State presented the possibility that, assuming the number
was assigned to a landline, the call to Perales ended in time to allow Sandoval
to arrive at the mall with sufficient time to commit the robbery.Â  The call to
Perales ended at 9:34, travel time to the mall takes five to ten minutes, and
the 9-1-1 call came in at 10:18.Â  Moreover, SandovalÂs palm print was found on
the passenger side of the vehicle.

Even had the State presented no evidence that the
number was assigned to a cellular telephone, the jury could still find Sandoval
guilty of robbery by: (1) discounting TommyÂs testimony and determining that Sandoval
committed the robbery after ending the conversation with Perales; or (2) accepting
TommyÂs testimony and determining that PeralesÂ testimony failed to
conclusively establish that the number belonged to a landline.Â  As the sole
judge of the weight and credibility of witness testimony, the jury was entitled
to resolve any inconsistencies in the witnessÂs testimony and decide which
evidence to believe.[1] Â See Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim.
App. 2008).

In summary, we cannot say that the trial court
abused its discretion by denying SandovalÂs motion for new trial.Â  We overrule
issue three.

The judgment is affirmed.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed November 5, 2008

Do not publish

[CR25]









[1]Â  Sandoval also attempted to show that Tommy was
either lying or mistaken when he identified Sandoval as the robber.Â  According
to the record, SandovalÂs brother Rocky helped abandon AlanizÂs car and his
earnings statement was found in the car.Â  The jury was at least presented with
the possibility that Rocky, not Sandoval, committed the robbery.