Leonard R. MILSTEIN, Plaintiff—
Appellant,

v.

Stephen L. COOLEY, et al.,
Defendants—Appellees.

No. 02–56170.

D.C. No. CV–99–01054–DDP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided June 23, 2003.

Before THOMAS and PAEZ, Circuit Judges, and REED, District Judge.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Plaintiff–Appellant Leonard Milstein ("Milstein") brought a 42 U.S.C. § 1983 action against Defendants–Appellees Stephen Cooley ("Cooley") and Robert Foltz ("Foltz"), alleging that they violated his due process rights and maliciously prosecuted him by fabricating evidence that he told a witness to lie at a trial at which he was defense counsel, by filing a false crime report on the basis of their fabricated evidence, and by investigating him on the basis of the report. The district court granted summary judgment on the basis of qualified immunity to Cooley and Foltz. We review *de novo* the district court's summary judgment, *see Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

Because the parties are familiar with the facts, we do not restate them here.

To determine whether Cooley and Foltz were entitled to qualified immunity, we ask: (1) whether, "[t]aken in the light most favorable to [Milstein], ... the facts alleged show [Cooley's and Foltz's] conduct violated a constitutional right," and (2) whether the constitutional right was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We address only the first *Saucier* prong because, although Milstein had a constitutional right not to be subjected to criminal charges on the basis of false evidence, *see Devereaux*, 263 F.3d at 1074–75 (relying in part on *Pyle v. Kansas*, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214 (1942)), the summary judgment record

The Honorable Edward C. Reed, Jr., Senior District Judge for the District of Nevada, sitting by designation.

does not establish that Cooley and Foltz violated this right.

To support a "deliberate-fabrication-of-evidence claim," Milstein must present evidence showing that: (1) Cooley and Foltz "continued their investigation of [Milstein] despite the fact that they knew or should have known that he was innocent," or (2) Cooley and Foltz "used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Id.* at 1076. We agree with the district court that the evidentiary record fails to show that Cooley and Foltz pursued an investigation of Milstein despite the fact that they knew or should have known that he was innocent or that they used coercive investigative techniques that they knew or should have known would elicit false information. Because there were no facts to show that either Cooley or Foltz violated Milstein's constitutional rights, they are entitled to qualified immunity.

AFFIRMED.