Lee H. WILSON, Petitioner–Appellant,

v.

Steven C. BRYANT,\* Respondent–Appellee.

No. 02–1223.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2003.\*\*

Decided June 25, 2003.

---

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and EVANS, Circuit Judges.

### ORDER

After a bench trial, an Illinois court convicted Lee Wilson of aggravated criminal sexual abuse and imposed a twelve-year sentence. Wilson contends in this collateral attack under 28 U.S.C. § 2254 that his conviction violates federal law because the prosecutor allowed a forensic scientist to testify falsely at the trial. The district court denied relief, concluding that Wilson simply had misunderstood the scientist's testimony. We agree with that assessment and therefore affirm.

In January 1997 a teenage girl reported that Wilson had sexually assaulted her at a home in Taylorville, Illinois. At Wilson's trial several months later, the victim testified that Wilson had repeatedly asked to have sex with her, and when she refused, he yanked down her pants and briefly penetrated her vagina with his penis before she jerked away. Wilson testified in his own defense that the victim in fact had pulled down her own pants to provoke him, at which point he got behind her and simulated intercourse without actually exposing himself.

At trial the prosecution elicited testimony from Kevin Lumney–a forensic scientist working at the state's lab in Springfield. Lumney explained that use of specialized lighting and chemicals had disclosed semen on the victim's underwear. According to Lumney, he also observed (presumably under a microscope) a single sperm cell on the sample.

Lumney sent the evidence obtained from the victim to the state's lab in Chicago, and Wilson submitted a blood sample, which also was sent to the Chicago lab. There forensic scientists tried to match the genetic material on the underwear with Wilson's DNA–without success. Even after the samples from Wilson and the victim were "amplified," scientists could not extract a DNA profile–other than the victim's–from the underwear.

After pursuing a direct appeal (in which Wilson's appointed lawyer argued that under state law his client had been denied a speedy trial), Wilson sought post-conviction relief. In his pro se petition, Wilson contended among other things that the state had "tampered" with the evidence at his trial. Apparently, Wilson believes that because the DNA testing ultimately proved inconclusive, Lumney could not have observed semen or a sperm cell on the underwear.

The trial court concluded that Wilson's petition was frivolous and dismissed it.

That ruling was affirmed on appeal, and Wilson next commenced this collateral attack, reiterating that Lumney must have lied at trial. Wilson alleged that the DNA test "states that there was no semen in stain in underwear." If true, this contradiction obviously would be significant because finding semen on the victim's underwear is inconsistent with Wilson's testimony that he kept his pants on.

But the DNA report does not say that Chicago scientists were unable to find semen on the underwear. The report instead explains that "[n]o conclusions can be made as to the source of the seminal material identified in exhibit 2A1 (stain from panties) since no DNA profile other than that consistent with [the victim] could be identified." The district court accordingly determined that neither Wilson's interpretation of the forensic evidence, nor his other contentions (which are not relevant to this appeal), entitled him to relief. The court nevertheless granted a certificate of appealabilty on the question "whether the prosecution, by presenting evidence that Petitioner alleges was false, denied Petitioner Wilson his right to due process of law."

On appeal Wilson makes no argument why the district court improperly denied his petition. To prevail under § 2254, Wilson needed to show that adjudication of his post-conviction petition resulted in an unreasonable application of clearly established federal law as determined by the Supreme Court, or "an unreasonable determination of the facts in light of the evidence presented." *Id.* § 2254(d); *Price v. Vincent,* —— U.S. ——, ——, 123 S.Ct. 1848, 1852, 155 L.Ed.2d 877– (2003). The Supreme Court has made clear that a due process violation may occur if a prosecutor knowingly introduces false testimony. *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Pyle v. Kansas,* 317 U.S. 213, 215–16, 63 S.Ct. 177, 87 L.Ed. 214 (1942); *Mooney v. Holohan,* 294 U.S. 103, 112–13, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (per curiam); *Schaff v. Snyder,* 190 F.3d 513, 530 (7th Cir.1999). The problem, however, is that Wilson has not shown that Lumney's testimony–or any other evidence presented by the prosecution–was false, much less that the prosecutor *knew* of its falsity.

In fact, it appears that Wilson simply has misunderstood the evidence. That scientists extracted only the victim's genetic profile from her underwear does not mean that Lumney could not detect semen and at least one sperm cell on the sample. It just means that the DNA test was inconclusive. The district court therefore rightly denied Wilson's petition, and its judgment is

AFFIRMED.