**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS DAVID GOERTZ,

    Petitioner - Appellant,

v.

JERRY CHRISMAN, Warden,

    Respondent - Appellee.

No. 17-5015
(D.C. No. 4:13-CV-00675-JED-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Following the death of his infant son J.F., Thomas Goertz was charged with

first degree murder in Oklahoma state court. The prosecution accused Goertz of

shaking J.F. so violently he died of traumatic head injury. A jury convicted Goertz of

the lesser-included offense of child abuse. The trial court denied Goertz's motion for

a new trial and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Goertz sought habeas review in federal district court, which denied relief and denied a certificate of appealability ("COA"). Goertz then requested a COA in this court, which we granted on four issues: (1) whether the trial court violated due process by instructing the jury on the lesser-included offense of child abuse; (2) whether the trial court violated due process by denying Goertz's motion to suppress his statements; (3) whether testimony by two prosecution witnesses violated due process; and (4) whether the cumulative effect of any errors rendered Goertz's trial fundamentally unfair. Exercising jurisdiction under 28 U.S.C. §§ 2253 and 1291, we affirm the district court's order denying habeas relief and deny a COA on the remaining issues.

## I

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the availability of federal habeas relief after a state court denies a petitioner's claims on the merits. Although we review the district court's "findings of fact for clear error and its conclusions of law de novo," House v. Hatch, 527 F.3d 1010, 1014-15 (10th Cir. 2008) (quotation omitted), we accord significantly more deference to the state court's determination. We are obligated to deny habeas relief unless a petitioner shows the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Goertz limits his challenge to the first prong. A

2

decision is "contrary to" clearly established law if it "contradicts the governing law set forth in Supreme Court cases," or "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court" and reaches a different result. House, 527 F.3d at 1018 (quotations omitted). "A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts." Id.

## A

Goertz argues that the trial court violated his due process rights by instructing the jury on the lesser-included offense of child abuse. Goertz was originally charged with first degree murder. At the close of evidence, the prosecution requested a jury instruction on child abuse. The trial court instructed the jury on both offenses. Goertz argues he would have chosen a different trial strategy had he known he would have to defend against child abuse. He identifies Schmuck v. United States, 489 U.S. 705 (1989), and Russell v. United States, 369 U.S. 749 (1962), as providing clearly established law applicable to this claim and suggests the OCCA contradicted these holdings by affirming his conviction.[1] We disagree.

---

[1] Goertz also argues there was no evidence of "simple child abuse only." But we lack authority to review the OCCA's determination that there was sufficient evidence to support the child abuse instruction under Oklahoma law. See House, 527 F.3d at 1025 ("On collateral review, we cannot review a state court's interpretation of its own state law.").

3

A defendant charged with an offense has sufficient notice that he may have to defend against any lesser-included offenses. See United States v. No Neck, 472 F.3d 1048, 1053 n.5 (8th Cir. 2007) ("The indictment is, for legal purposes, sufficient notice to [defendant] that he may be called to defend a lesser-included charge."). Contrary to Goertz's suggestion, Schmuck and Russell do not hold otherwise. In Schmuck, the Supreme Court adopted the "elements approach" in holding that Fed. R. Crim. P. 31(c) "permits lesser offense instructions only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge." 489 U.S. at 716, 718. And in Russell, the Court held that an indictment lacking factual allegations to support an essential element of the crime "failed to sufficiently apprise the defendant of what he must be prepared to meet." 369 U.S. at 752, 764 (quotation omitted). Goertz does not allege that child abuse requires proof of an element beyond those required for first degree murder or that the charging document omitted factual allegations on an essential element of either offense. Accordingly, he has not shown the OCCA's decision contradicted Schmuck or Russell.

**B**

Goertz also contends that statements he made to agents from the Oklahoma State Bureau of Investigation ("OSBI") should have been suppressed. OSBI agents interviewed Goertz while J.F. was in the hospital. Goertz initially denied shaking

J.F., but later admitted he shook the child once. Goertz moved to suppress these statements as involuntary, but the state courts rejected his argument.[2]

The Supreme Court has long held that admitting a defendant's involuntary confession violates his right to due process. See Dickerson v. United States, 530 U.S. 428, 433 (2000). A confession is involuntary if the totality of surrounding circumstances shows the defendant's "will has been overborne and his capacity for self-determination critically impaired." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973) (quotation omitted). "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986) (quotation omitted). Other factors include the length, location, and continuity of the interrogation; the defendant's maturity, education, physical condition, and mental health; and whether the police "advise[d] the defendant of his rights to remain silent and to have counsel present during custodial interrogation." Withrow v. Williams, 507 U.S. 680, 693-94 (1993).

---

[2] For the first time in his reply brief, Goertz argues we should review the OCCA's decision de novo because it did not decide this claim on the merits. See Murphy v. Royal, 875 F.3d 896, 925 (10th Cir. 2017) ("[F]ederal courts do not apply AEDPA deference when the state court did not adjudicate the specific claim on the merits." (quotation omitted)). "[A]rguments raised for the first time in a reply brief are generally deemed waived." United States v. Harrell, 642 F.3d 907, 918 (10th Cir. 2011). But regardless, it is clear the OCCA denied Goertz's claim on the merits. See Matthews v. Workman, 577 F.3d 1175, 1180 (10th Cir. 2009) ("An adjudication on the merits occurs when the state court resolves the case on substantive grounds, rather than procedural grounds." (quotation omitted)).

The record supports the trial court's finding that Goertz's statements were voluntary. The OSBI agents interviewed Goertz, who was 28 years old, in a hospital break room. They asked Goertz if he wanted to speak to them and told him he was not under arrest. Goertz spoke with the agents for about an hour and never asked to end the interview. Although the agents accused Goertz of shaking his son and told him they did not believe his initial denials, Goertz identifies nothing in the record suggesting the agents' interview tactics overbore his will. See United States v. Lux, 905 F.2d 1379, 1382 (10th Cir. 1990). Goertz claims he was sleep-deprived, took prescription medications, and believed he could not see his son unless he agreed to the interview. However, Goertz does not present sufficient evidence to demonstrate that he was too tired to exercise his will or that the medication he was taking impacted his ability to do so, and nothing in the record suggests the agents led Goertz to believe speaking with them would allow him to see his son.

## C

Goertz further argues that the prosecution violated his right to due process by relying on false testimony by two medical experts. At trial, the prosecution called two pediatricians, Nichole Wallace and Robert Block, who testified that J.F. died of head trauma consistent with being shaken. Goertz called two experts of his own, who relied in part on research by Faris Bandak suggesting the force to cause fatal brain injury would also seriously injure a baby's neck. Wallace and Block countered that subsequent research had identified errors in Bandak's calculations. Goertz argued this testimony suggested Bandak's research had been debunked in peer-reviewed

6

articles, when in fact the criticisms were published as letters to the editor. The OCCA held there was no reasonable likelihood that, had this evidence been introduced at trial, it would have altered the outcome.[3]

Goertz argues the OCCA's decision was contrary to Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Napue v. Illinois, 360 U.S. 264 (1959); and Giglio v. United States, 405 U.S. 150 (1972). We disagree. In Mooney and Pyle, the Supreme Court held that due process barred the prosecution from knowingly using perjured testimony to convict a defendant and deliberately suppressing evidence favorable to him. 294 U.S. at 110, 112; 317 U.S. at 216. Similarly, in both Napue and Giglio, the Court found a due process violation when a key prosecution witness falsely testified that he did not receive any promises in exchange for his testimony. 360 U.S. at 265, 269; 405 U.S. at 150-51, 155.

But the cases Goertz cites are distinguishable, as we have no reason to believe Block or Wallace testified falsely. The journal that published Bandak's study later published two letters to the editor describing flaws in his calculations. Several biomechanical engineers appear to have contributed to these letters, which is consistent with Block's testimony that other biomechanical engineers discovered Bandak's calculations were incorrect. And because the criticisms were actually

---

[3] Because this ruling was made "on substantive grounds, rather than procedural grounds," Matthews, 577 F.3d at 1180 (quotation omitted), we reject Goertz's argument that the OCCA did not decide this claim on the merits.

published, albeit as letters to the editor, Wallace's testimony that a group of biomechanical engineers published corrections to Bandak's calculations was correct.

**D**

Goertz also argues that the cumulative effect of the errors in his trial rendered it fundamentally unfair. We reject Goertz's claim because there can be no cumulative error unless "there are two or more actual constitutional errors." Jackson v. Warrior, 805 F.3d 940, 955 (10th Cir. 2015) (quotation omitted).

**II**

Finally, Goertz seeks a COA on claims that: (1) the evidence was insufficient to convict him; and (2) prosecutorial misconduct rendered his trial fundamentally unfair. Because reasonable jurists could not debate the district court's disposition of these claims, we deny a COA on these issues. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

**III**

We **AFFIRM** the district court's order denying habeas relief and **DENY** a COA on Goertz's remaining claims.

Entered for the Court

Carlos F. Lucero
Circuit Judge

8