Opinion filed March 24,
2011

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00253-CR 

                                                    __________

 

                                 TERRY
O’NELL HALL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 17419B 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Terry
O’Nell Hall entered an open plea of guilty to the offense of aggravated
robbery.  The trial court convicted him of the offense and assessed his punishment
at confinement for a term of twenty-five years.  We affirm.

Issues
on Appeal

            Appellant
challenges his punishment in two issues.  In his first issue, appellant contends
that he was denied due process of law because, in his punishment hearing, the
victim testified that a gun was used during the commission of the offense but,
in the later trial of an accomplice, the victim testified that he did not
remember seeing a gun, which appellant contends resulted in the accomplice
receiving a lesser sentence than he received.  In his second issue, appellant
contends that he was denied fundamental fairness at his punishment hearing and
that, therefore, the trial court erred by denying his motion for new trial. 
Appellant contends that he was denied fundamental fairness because the victim’s
testimony about the use of a gun was substantially different at his punishment
hearing than it was at the accomplice’s trial and because the difference in the
victim’s testimony resulted in a disparity in punishment for two defendants who
committed the same crime.

Background
Facts 

            The record
shows that appellant previously worked as a realtor.  Through that job, he met Leon
Black and obtained knowledge of Black’s financial condition.  Based on that
knowledge, appellant masterminded a plan to invade Black’s home.  Appellant
recruited Robert “Boots” Jones to assist in carrying out the robbery, and Jones
recruited Markus Sneed and Alicia Becerra to help.  Appellant’s original plan
called for holding Black’s wife hostage in an effort to force Black to withdraw
funds from the bank.  Appellant bought a plant for Becerra to deliver to Mrs. Black
at the Blacks’ house.  Becerra, Jones, and Sneed went to the front door of the
house.  Becerra knocked on the door, and Black answered.  Black informed
Becerra that his wife had recently passed away.  Becerra, Jones, and Sneed
entered the house.

            At
appellant’s punishment hearing, Black testified that the men shoved him to the
floor.  The men told Black that they had a gun.  Black testified that he was
forced to lie face down on the floor.  One of the men gave the gun to Becerra
and told her to hold it on Black.  While Becerra held the gun on Black, Jones
and Sneed ransacked the house.  At some point, appellant entered the residence. 
Ultimately, appellant and his accomplices left the house with a television, two
guns, jewelry, and money.  Black was eighty-two years old when the offense was
committed.

            Sergeant
Brian Burns of the Taylor County Sheriff’s Office questioned appellant about
the robbery.  Appellant told him that a gun was used during the commission of
the offense.  Appellant also signed a written statement in which he admitted
that a gun was used.  Appellant also signed a written stipulation of evidence
in which he judicially confessed that a handgun was used.

            After
the punishment evidence was concluded, the trial court sentenced appellant to
twenty-five years confinement.  Appellant filed a motion for new trial
asserting, among other things, that his due process rights had been violated
because Black gave “very likely perjured” testimony at his punishment hearing. 
To support this assertion, appellant stated that Black testified at his punishment
hearing that “he actually saw a gun during the robbery and said gun was pointed
at his face” but that Black testified at a later trial of an accomplice that “he
did not see a gun during the robbery.”  Appellant argued that the allegedly
conflicting testimony given by Black at the accomplice’s trial established a “high
probability” that Black’s testimony at his punishment hearing was perjured.                   

            The
trial court held a hearing on appellant’s motion for new trial.  At the
hearing, appellant’s counsel indicated that he did not believe Black had intentionally
perjured his testimony but had “simply remembered [it] differently.”  Appellant’s
counsel stated that the jury in the accomplice’s case had assessed an
eight-year sentence and that there was “a fairly large disparity” between the
accomplice’s eight-year sentence and appellant’s twenty-five year sentence “that
was imposed in [appellant’s] case with the [trial court’s] consideration of a
gun having been a factor in [Black’s] testimony.”  Based on Black’s allegedly
conflicting testimony and the disparity in the sentences, appellant argued that
his due process rights had been violated.  The trial court denied appellant’s
motion for new trial.

Analysis

            We
review a trial court’s denial of a motion for new trial for an abuse of
discretion.  Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). 
Appellant relies on the following cases to support his contention that Black’s
testimony about the use of a gun violated his due process rights:  Alcorta
v. Texas, 355 U.S. 28, 31 (1957); Pyle v. Kansas, 317 U.S. 213,
215-16   (1942); Mooney v. Holohan, 294 U.S. 103, 112 (1935).  These
cases stand for the proposition that the State’s knowing use of perjured
testimony violates a defendant’s right to due process.  Alcorta, 355
U.S. at 31; Pyle, 317 U.S. at 215-16; Mooney, 294 U.S. at 112; see
also Ex parte Castellano, 863 S.W.2d 476, 479-80 (Tex. Crim. App. 1993); Thomas
v. State, 841 S.W.2d 399, 402 (Tex. Crim. App. 1992).  Such a violation
occurs when the prosecutor has actual or imputed knowledge of the perjury.  Giglio
v. United States, 405 U.S. 150, 154 (1972); Castellano, 863 S.W.2d
at 481.  

            The
record provides no support for the contention that Black gave perjured
testimony at appellant’s punishment hearing.  We note that appellant has not
included Black’s testimony from the accomplice’s trial in the record in this
cause.  Based on this circumstance, we are not in a position to compare Black’s
testimony in the accomplice’s trial with his testimony in appellant’s
punishment hearing.  We also note that, at appellant’s punishment hearing,
Black did not testify that he saw a gun.  Instead, he testified that he was
forced to lie face down on the floor, that the men said they had a gun, and
that one of the men told Becerra to hold the gun on him.  Therefore, assuming
that Black testified in the accomplice’s trial that he did not remember seeing
a gun, that testimony is not inconsistent with Black’s testimony at appellant’s
punishment hearing.

            Additionally,
other evidence at appellant’s punishment hearing supported Black’s testimony
that a gun was used.  Appellant told the police that a gun was used; appellant
signed a written statement admitting that a gun was used; and appellant
judicially confessed to this fact.  Appellant has not shown that Black gave
perjured testimony at his punishment hearing.  Appellant’s first issue is
overruled.

            In
his second issue, appellant argues that the difference in Black’s “gun” testimony
in his punishment hearing, as compared to Black’s testimony in the accomplice’s
trial, resulted in a disparity in punishment for appellant and the accomplice,
although “the facts of the underlying offense were the same in [appellant’s]
case as they were in [the] accomplice’s.”  Again, appellant has not
demonstrated that Black gave different testimony in the two proceedings.  More
importantly, the record shows that appellant orchestrated the invasion of
Black’s home after gaining Black’s trust and obtaining knowledge of Black’s
financial status.  These facts certainly justify the lengthier sentence given
to appellant. Appellant’s punishment is within the punishment range for
aggravated robbery, which is a first degree felony.  See Tex. Penal Code Ann. § 12.32 (Vernon
Supp. 2010), § 29.03 (Vernon 2003). Considering the serious nature of the
offense in this cause, appellant’s sentence is not grossly disproportionate to
the offense for which he was convicted.  McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir. 1992); Bradfield v. State, 42 S.W.3d 350, 353-54 (Tex.
App.—Eastland 2001, pet. ref’d).  The trial court did not abuse its discretion
by denying appellant’s motion for new trial.  Appellant’s second issue is
overruled.                          

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

March 24, 2011                                                                       JUSTICE
                                            

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.