**Opinion filed March 24, 2011**



In The

# Eleventh Court of Appeals

_____

### No. 11-10-00253-CR

_____

### TERRY O'NELL HALL, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 17419B**

### M E M O R A N D U M   O P I N I O N

Terry O'Nell Hall entered an open plea of guilty to the offense of aggravated robbery. The trial court convicted him of the offense and assessed his punishment at confinement for a term of twenty-five years. We affirm.

*Issues on Appeal*

Appellant challenges his punishment in two issues. In his first issue, appellant contends that he was denied due process of law because, in his punishment hearing, the victim testified that a gun was used during the commission of the offense but, in the later trial of an accomplice, the victim testified that he did not remember seeing a gun, which appellant contends resulted in the accomplice receiving a lesser sentence than he received. In his second issue, appellant

contends that he was denied fundamental fairness at his punishment hearing and that, therefore, the trial court erred by denying his motion for new trial. Appellant contends that he was denied fundamental fairness because the victim's testimony about the use of a gun was substantially different at his punishment hearing than it was at the accomplice's trial and because the difference in the victim's testimony resulted in a disparity in punishment for two defendants who committed the same crime.

*Background Facts*

The record shows that appellant previously worked as a realtor. Through that job, he met Leon Black and obtained knowledge of Black's financial condition. Based on that knowledge, appellant masterminded a plan to invade Black's home. Appellant recruited Robert "Boots" Jones to assist in carrying out the robbery, and Jones recruited Markus Sneed and Alicia Becerra to help. Appellant's original plan called for holding Black's wife hostage in an effort to force Black to withdraw funds from the bank. Appellant bought a plant for Becerra to deliver to Mrs. Black at the Blacks' house. Becerra, Jones, and Sneed went to the front door of the house. Becerra knocked on the door, and Black answered. Black informed Becerra that his wife had recently passed away. Becerra, Jones, and Sneed entered the house.

At appellant's punishment hearing, Black testified that the men shoved him to the floor. The men told Black that they had a gun. Black testified that he was forced to lie face down on the floor. One of the men gave the gun to Becerra and told her to hold it on Black. While Becerra held the gun on Black, Jones and Sneed ransacked the house. At some point, appellant entered the residence. Ultimately, appellant and his accomplices left the house with a television, two guns, jewelry, and money. Black was eighty-two years old when the offense was committed.

Sergeant Brian Burns of the Taylor County Sheriff's Office questioned appellant about the robbery. Appellant told him that a gun was used during the commission of the offense. Appellant also signed a written statement in which he admitted that a gun was used. Appellant also signed a written stipulation of evidence in which he judicially confessed that a handgun was used.

After the punishment evidence was concluded, the trial court sentenced appellant to twenty-five years confinement. Appellant filed a motion for new trial asserting, among other things, that his due process rights had been violated because Black gave "very likely perjured" testimony at his punishment hearing. To support this assertion, appellant stated that Black

2

testified at his punishment hearing that "he actually saw a gun during the robbery and said gun was pointed at his face" but that Black testified at a later trial of an accomplice that "he did not see a gun during the robbery." Appellant argued that the allegedly conflicting testimony given by Black at the accomplice's trial established a "high probability" that Black's testimony at his punishment hearing was perjured.

The trial court held a hearing on appellant's motion for new trial. At the hearing, appellant's counsel indicated that he did not believe Black had intentionally perjured his testimony but had "simply remembered [it] differently." Appellant's counsel stated that the jury in the accomplice's case had assessed an eight-year sentence and that there was "a fairly large disparity" between the accomplice's eight-year sentence and appellant's twenty-five year sentence "that was imposed in [appellant's] case with the [trial court's] consideration of a gun having been a factor in [Black's] testimony." Based on Black's allegedly conflicting testimony and the disparity in the sentences, appellant argued that his due process rights had been violated. The trial court denied appellant's motion for new trial.

*Analysis*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). Appellant relies on the following cases to support his contention that Black's testimony about the use of a gun violated his due process rights: *Alcorta v. Texas*, 355 U.S. 28, 31 (1957); *Pyle v. Kansas*, 317 U.S. 213, 215-16 (1942); *Mooney v. Holohan*, 294 U.S. 103, 112 (1935). These cases stand for the proposition that the State's knowing use of perjured testimony violates a defendant's right to due process. *Alcorta*, 355 U.S. at 31; *Pyle*, 317 U.S. at 215-16; *Mooney*, 294 U.S. at 112; *see also Ex parte Castellano*, 863 S.W.2d 476, 479-80 (Tex. Crim. App. 1993); *Thomas v. State*, 841 S.W.2d 399, 402 (Tex. Crim. App. 1992). Such a violation occurs when the prosecutor has actual or imputed knowledge of the perjury. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Castellano*, 863 S.W.2d at 481.

The record provides no support for the contention that Black gave perjured testimony at appellant's punishment hearing. We note that appellant has not included Black's testimony from the accomplice's trial in the record in this cause. Based on this circumstance, we are not in a position to compare Black's testimony in the accomplice's trial with his testimony in appellant's punishment hearing. We also note that, at appellant's punishment hearing, Black did not testify that he saw a gun. Instead, he testified that he was forced to lie face down on the floor, that the

3

men said they had a gun, and that one of the men told Becerra to hold the gun on him. Therefore, assuming that Black testified in the accomplice's trial that he did not remember seeing a gun, that testimony is not inconsistent with Black's testimony at appellant's punishment hearing.

Additionally, other evidence at appellant's punishment hearing supported Black's testimony that a gun was used. Appellant told the police that a gun was used; appellant signed a written statement admitting that a gun was used; and appellant judicially confessed to this fact. Appellant has not shown that Black gave perjured testimony at his punishment hearing. Appellant's first issue is overruled.

In his second issue, appellant argues that the difference in Black's "gun" testimony in his punishment hearing, as compared to Black's testimony in the accomplice's trial, resulted in a disparity in punishment for appellant and the accomplice, although "the facts of the underlying offense were the same in [appellant's] case as they were in [the] accomplice's." Again, appellant has not demonstrated that Black gave different testimony in the two proceedings. More importantly, the record shows that appellant orchestrated the invasion of Black's home after gaining Black's trust and obtaining knowledge of Black's financial status. These facts certainly justify the lengthier sentence given to appellant. Appellant's punishment is within the punishment range for aggravated robbery, which is a first degree felony. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010), § 29.03 (Vernon 2003). Considering the serious nature of the offense in this cause, appellant's sentence is not grossly disproportionate to the offense for which he was convicted. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Bradfield v. State*, 42 S.W.3d 350, 353-54 (Tex. App.—Eastland 2001, pet. ref'd). The trial court did not abuse its discretion by denying appellant's motion for new trial. Appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

March 24, 2011                                                   JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4